UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELDAR Z. VELIEV,

       Petitioner,

       v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

       Respondent.

CASE NO. 2:12-CV-00346
JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On July 17, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that Petitioner's *Motion to Amend* be denied and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. ECF No. 26. For the reasons that follow, Petitioner's *Objection,* ECF No. 29, is **OVERRULED.** Petitioner's *Motion to Amend*, ECF No. 19, is **DENIED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects only to the Magistrate Judge's recommendation that his *Motion to Amend* the petition to include the previously unexhausted claim of ineffective assistance of counsel be denied on the basis that Petitioner has waived this claim for review. Specifically, Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to discover or call

1

as defense witnesses Irina Stevens and Irina Melkumov who would have testified that they witnessed Alex Nercessian cut Arut Khoulian's neck and Armen Stepanyan cut Tigran Safaryan's arm; and Artur Melkumov who additionally would have testified that he witnessed Armen Stepanyan cut the right hand of the co-defendant, Garri Ambartsoumov. *Objection,* ECF No. 29, PageID# 1229-1231; *Affidavits*, ECF No. 19-1, PageID# 926-930. Petitioner raised this claim of ineffective assistance in his initial habeas corpus petition, but later deleted the claim as unexhausted. *See Amended Petition,* ECF No. 14. On January 9, 2014, after exhausting state court remedies, Petitioner filed a *Motion to Amend* to again include this claim of ineffective assistance of counsel. ECF No. 19. The Magistrate Judge recommended that the *Motion to Amend* be denied based on Petitioner's procedural default of the claim. *Report and Recommendation*, ECF No. 26. Petitioner objects to that recommendation.

Petitioner and co-defendant Garri Ambartsoumov were tried jointly in the state trial court. *See State v. Veliev*, No. 09AP-1059, 09AP-1060, 2010 WL 5449848, at *1 (Ohio App. 10th Dist. Dec. 23, 2010). After jury trial, Petitioner was convicted on charges of felonious assault and attempted murder and sentenced to eight years incarceration. Both Petitioners unsuccessfully challenged their convictions on direct appeal. Represented by the same counsel, Petitioners thereafter challenged their convictions on the same basis:

> On April 18, 2012, Veliev filed motions in common pleas case Nos. 08CR5040 and 09CR–1753 for leave to file a delayed motion for new trial, alleging he had discovered

new evidence indicating that several individuals, other than himself and codefendant Ambartsoumov, had committed the offenses. Ambartsoumov filed an identical motion with the trial court in common pleas case No. 08CR–5039. Attached to the motions were various affidavits, including those of Irina Stevens, Artur Melkumov, and Irina Melkumov, who each stated they had witnessed the incident. One of these individuals, Artur Melkumov, stated he was interviewed by a police officer at the restaurant following the incident and that he "told the police [he] did not see anything" because he was afraid of retaliation, but that he "decided to come forward now because Eldar did not cut Arut." The other two individuals, Irina Stevens and Irina Melkumov, averred in their affidavits that they witnessed the incident but did not come forward sooner because of fear of retaliation. Also attached to Veliev's motions was his own affidavit, as well as the affidavits of Ambartsoumov, Steven Palmer (Veliev's trial counsel), and Samuel Shamansky (Ambartsoumov's trial counsel). Ambartsoumov's motion also included his own affidavit, as well as the affidavits of Veliev, Palmer, and Shamansky.

The state filed responses to appellants' motions, arguing that all three witnesses were on the state's trial witness list and, therefore, they were known to defense counsel at the time of trial. Appellants filed amended motions for leave, arguing that, if disclosure had occurred, appellants' former trial counsel must have rendered ineffective assistance of counsel for failing to investigate and/or call those witnesses to testify. Appellants further argued that the state must have committed a *Brady [v. Maryland*, 373 U.S. 83 (1963) ] violation by hiding exculpatory witnesses. By entries filed September 12 and October 9, 2012, the trial court denied appellants' amended motions for leave to file a delayed motion for new trial.

On appeal, appellants set forth the following identical two assignments of error for this court's review[.]

*State v. Ambartsoumov*, Nos. 12AP-878, 12AP-877, 12AP-889, 2013 WL 3488186, at *2-3 (Ohio App. 10th Dist. July 11, 2013). Petitioners remain represented by the same attorney in these proceedings, and raise the same grounds for relief. *See Ambartsuomov v. Warden, Chillicothe Correctional Institution,* No. 2:12-cv-345 (Southern District Ohio, Eastern Division). The similarities between the two cases necessarily are reflected herein; however, this Court has conducted an independent review of each of the § 2254 petitions.

Petitioner indicates, in support of his claim of ineffective assistance of counsel, that Irina Stevens, Irina Melkumov, and Artur Melkumove "first came forward" sometime in 2011. He first presented his claim regarding his attorney's failure to call Stevens and Irina and Artur Melkumov as defense witnesses to the state courts on April 18, 2012, in his motion for leave to file a motion for new trial in the state trial court. The trial court denied the motion as untimely, and the state appellate court affirmed the trial court's ruling, holding that Petitioner had failed to show "by clear and convincing proof" that he was unavoidably prevented from discovery of the proposed testimony of Irina Stevens and Irina and Artur Melkumov within the 120 day time period for obtaining review by a motion for new trial, as required by Rule 33(B) of the Ohio Rules of Criminal Procedure. *State v, Ambartsoumov*, 2013 WL 3488186, at *2-3. The Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Veliev*, 137 Ohio St.3d 1461 (Ohio Dec. 4, 2013). Petitioner now seeks review of this same claim of ineffective assistance of counsel in this habeas corpus petition.

**Procedural Default:**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim on grounds of procedural default.

A state criminal defendant must present his federal claim(s) to the state courts before he can obtain federal habeas corpus review. 28 U.S.C. § 2254(b), (c). If he does not, and can no longer do so, he has committed a procedural default. He then must establish cause and actual prejudice from the alleged constitutional violation in order to obtain habeas corpus review. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

The United States Court of Appeals for the Sixth Circuit, in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), held that four factors must be considered in determining whether a criminal defendant has waived a claim by failing to follow a state court's procedural rule. "First, the court must determine that there is a state procedural rule that is applicable to the Petitioner's claim and that the Petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if a Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, the Petitioner must demonstrate

5

cause for his failure to follow the state's procedural rule, as well as actual prejudice from the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Petitioner argues that the state appellate court failed to enforce the time limitation of Rule 33 of the Ohio Rules of Criminal Procedure, as required under the second part of the *Maupin* test. He contends that this Court therefore should address the merits of his claim. *Objection*, ECF No. 28, PageID# 2094-96.

This Court looks to the decision of the state appellate court rejecting his motion for leave to file a delayed motion for new trial in order to determine whether the state courts enforced the procedural rule at issue. *See Stone v. Moore*, 644 F.3d 342, 346 (6th Cir. 2011) ("In our procedural default inquiry, we look to the 'last explained state court judgment,' to determine whether relief is barred on procedural grounds") (quoting *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004)). The decision indicates in relevant part as follows:

> In these consolidated appeals, defendants-appellants, Eldar Z. Veliev and Garri Ambartsoumov, challenge judgments of the Franklin County Court of Common Pleas denying their amended motions for leave to file a delayed motion for new trial.
>
> On July 11, 2008, appellants were each indicted on one count of felonious assault, in violation of R.C. 2903.11. On March 24, 2009, appellants were each indicted on one count of attempted murder, in violation of R.C. 2923.02. The indictments arose out of an incident occurring May 17, 2008, in which two individuals, Tigran Safaryan and Arut Koulian, received knife wound

6

injuries outside a Columbus restaurant, Hawa Russia, a Russian club located on East Dublin Granville Road, Columbus.

Appellants were jointly tried before a jury beginning August 24, 2009. Following deliberations, the jury returned verdicts finding appellant Veliev (individually "Veliev") guilty of felonious assault and attempted murder, while the jury found appellant Ambartsoumov (individually "Ambartsoumov") guilty of felonious assault.

Both appellants filed appeals from their convictions. In *State v. Ambartsoumov,* 10th Dist. No. 09AP–1054, 2010–Ohio–6293, this court affirmed Ambartsoumov's conviction; this court affirmed Veliev's convictions in *State v. Veliev,* 10th Dist. No. 09AP–1059, 2010–Ohio–6348. Appellants appealed their convictions, and the Supreme Court of Ohio declined to grant discretionary review. See *State v. Ambartsoumov,* 128 Ohio St.3d 1461, 2011–Ohio–1829; *State v. Veliev,* 128 Ohio St.3d 1461, 2011–Ohio–1829.

On March 17, 2011, appellants filed applications for reopening, pursuant to App.R. 26(B), alleging ineffective assistance of appellate counsel. This court subsequently denied appellants' applications for reopening. Appellants appealed from this court's decisions, and the Supreme Court declined to accept the appeals. *See State v. Ambartsoumov,* 131 Ohio St.3d 1486, 2012–Ohio–1143; *State v. Veliev,* 131 Ohio St.3d 1542, 2012–Ohio–2025.

On April 18, 2012, Veliev filed motions in common pleas case Nos. 08CR5040 and 09CR–1753 for leave to file a delayed motion for new trial, alleging he had discovered new evidence indicating that several individuals, other than himself and codefendant Ambartsoumov, had committed the offenses. Ambartsoumov filed an identical motion with the trial court in common pleas case No. 08CR–5039. Attached to the motions were various affidavits, including those of Irina Stevens, Artur Melkumov, and Irina Melkumov, who each stated they

had witnessed the incident. One of these individuals, Artur Melkumov, stated he was interviewed by a police officer at the restaurant following the incident and that he "told the police [he] did not see anything" because he was afraid of retaliation, but that he "decided to come forward now because Eldar did not cut Arut." The other two individuals, Irina Stevens and Irina Melkumov, averred in their affidavits that they witnessed the incident but did not come forward sooner because of fear of retaliation. Also attached to Veliev's motions was his own affidavit, as well as the affidavits of Ambartsoumov, Steven Palmer (Veliev's trial counsel), and Samuel Shamansky (Ambartsoumov's trial counsel). Ambartsoumov's motion also included his own affidavit, as well as the affidavits of Veliev, Palmer, and Shamansky.

\*\*\*

By entries filed September 12 and October 9, 2012, the trial court denied appellants' amended motions for leave to file a delayed motion for new trial.

[A]ppellants assert that the trial court erred in denying their motions for leave to file a delayed motion for new trial. Appellants contend they were unavoidably prevented from filing a motion for new trial within the time periods set forth in Crim. R. 33 and that their motions for leave were filed within a reasonable time after discovering the facts contained in the affidavits of the witnesses. Under their second assignment of error, appellants assert the trial court erred in failing to conduct an evidentiary hearing to resolve disputed issues of fact.

An appellate court applies an abuse of discretion standard in reviewing a trial court's denial of a motion for leave to file a delayed motion for new trial. *State v. Anderson*, 10th Dist. No. 12AP–133, 2012–Ohio–4733, ¶ 9. Crim. R. 33(A)(6) states in part that a new trial may be granted "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and

produced at the trial." Motions for new trial based upon newly discovered evidence must be timely filed. *State v. Brown*, 186 Ohio App.3d 309, 2010–Ohio–405, ¶ 22 (7th Dist.).

Crim.R. 33(B) states in part:

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

Thus, "Crim. R. 33(B) provides a mechanism for allowing a new trial motion based on newly discovered evidence to be reviewed by the trial court beyond the prescribed one hundred twenty day time limit." *State v. Shakoor*, 7th Dist. No. 10 MA 64, 2010–Ohio–6386, ¶ 16. A defendant is to file a motion for leave, and must "show by clear and convincing proof that he has been unavoidably prevented from discovering, within the one hundred twenty day time limit, the evidence that he is relying on to support his motion for new trial." *Id.* "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden*, 19 Ohio App.3d 141, 145–46 (10th Dist. 1984). Further, "[m]ost courts * * * also require defendants to file a motion for leave within a reasonable time after discovering the evidence." *State v. Peals*, 6th Dist. No.

L–10–1035, 2010–Ohio–5893, ¶ 22, citing *State v. Grinnell*, 10th Dist. No. 09AP–1048, 2010–Ohio–3028.

A trial court's decision "whether to conduct an evidentiary hearing on a motion for leave to file a motion for a new trial is discretionary and not mandatory." *State v. Cleveland,* 9th Dist. No. 08CA009406, 2009–Ohio–397, ¶ 54. A criminal defendant "is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue." *Id.,* citing *State v. McConnell*, 170 Ohio App.3d 800, 2007–Ohio–1181, ¶ 7 (2d Dist.). Thus, "no such hearing is required, and leave may be summarily denied, where neither the motion nor its supporting affidavits embody *prima facie* evidence of unavoidable delay." *Peals* at ¶ 23.

In order to prevail on a motion for new trial based upon newly discovered evidence, a defendant must show that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. *State v. Petro*, 148 Ohio St. 505 (1947). However, a trial court "may not * * * 'consider the merits of the motion for a new trial until it makes a finding of unavoidable delay.'" *Peals* at ¶ 21, quoting *State v. Lanier,* 2d Dist. No.2009 CA 84, 2010–Ohio–2921, ¶ 17. Accordingly, "'unless a trial court has granted a defendant leave to file a delayed motion for new trial, the motion for a new trial is not properly before the court.'" *Peals* at ¶ 21, quoting *State v. Clumm*, 4th Dist. No. 08CA32, 2010–Ohio–342, ¶ 26.

As noted under the facts, appellants submitted the affidavits of three individuals who each averred that they were at the restaurant on the night of the incident and observed individuals other than Veliev and Ambartsoumov commit the offenses. Each of these

witnesses stated they were afraid to come forward for fear of retaliation, and one of the witnesses stated that he told a police officer at the scene that he did not observe anything that night.

Appellants also submitted the affidavit of Palmer, trial counsel for Veliev, in which Palmer stated he had reviewed the affidavits of Irina Stevens, Artur Melkumov, and Irina Melkumov, and that "[a]t no time" did these witnesses "tell me" they were outside the restaurant on May 17, 2008 during the incident, and that "[a]t no time did [they] tell me" their version of how the stabbings took place. Palmer averred that "[t]he first time I heard this information was when Ambartsoumov's present attorney provided me with the affidavit in 2012." The affidavit of Shamansky, trial counsel for Ambartsoumov, contained almost identical statements as those set forth in Palmer's affidavit.

The affidavit of Veliev states that he had reviewed the affidavits of Irina Stevens, Artur Melkumov, and Irina Melkumov and that "[a]t no time" did these witnesses "tell me" that they were outside the restaurant on the evening of May 17, 2008, and "[a]t no time" did they relate to him their version of the stabbings. According to Veliev, "[t]he first time I heard this information was when my present attorney told me about it in 2011." Ambartsoumov submitted an almost identically worded affidavit.

The trial court found that appellants had not demonstrated, by clear and convincing evidence, that the defense was unavoidably prevented from discovering the evidence of these three witnesses. The trial judge, who presided over the 2009 trial of both appellants, noted that the crimes arose from a spontaneous knife fight between patrons of the restaurant, and that there were "[m]any people" in the vicinity of the restaurant that evening; thus, the police officers arriving at the scene "faced a challenging investigation, at night and in the rain, with a large number of potential witnesses."

With respect to the affidavits submitted by the new witnesses, the trial court noted that all three witnesses indicated in their affidavits that they recognized both Veliev and Ambartsoumov before the stabbings; however, "[n]one of the three witness affidavits explain when these witnesses first came forward, or to whom," and thus "[w]e are left to guess how, when and why they lost their professed fear of reprisal." The court further noted that, while the affidavit of Ambartsoumov indicates he learned of the "professed change of heart" of these witnesses in 2011, "[n]one of the witnesses explain if they contacted him in 2011, or set out any other facts about how they came forward," nor do these witnesses "say, one way or the other, whether they were interviewed by the original trial lawyers (or their investigators) before trial in 2009."

In denying appellants' amended motion for leave to file a delayed motion for new trial, the trial court held in relevant part:

> Clear and convincing evidence has not been presented that the defense was unavoidably prevented from discovering the evidence of these three witnesses. No one disputes that these three were present at the scene of the crimes. Apparently, no one disputes that they were known to the defense and even listed among a number of potential witnesses on the state's witness disclosure. Yet, the affidavits provided by defense counsel[ ] do not refer to their contact, or lack of contact with these people. Trial counsel vigorously defended this case. They are in the best position to supply evidence that they did not know of the witnesses if that were true. They are in the best position to say now whether they, or an investigator working for them, met with each of the three witnesses before trial. They could tell us whether the witnesses told them a different story, or simply refused affirmative requests to meet

for an interview. There is no such information provided. No suggestion comes from either attorney Palmer or attorney Shamansky that any of the three of them hid, or placed themselves beyond the range of a reasonable investigation by the defense, much less beyond the Subpoena power. That being true, no clear and convincing evidence has been presented that the defense was "unavoidably prevented" from using the three witnesses back in 2009.

It merits mention that unlike most single-defendant cases this trial had two co-defendants with privately retained counsel. Both mounted a spirited, coordinated defense. In most respects their efforts appeared closely aligned, and both defendants potentially would have profited if the evidence tendered now had been heard. In such a situation, there is even more reason to expect something more than has been obliquely suggested here in the lawyers' affidavits. The court is entitled to learn more about their joint investigation of witnesses together with their joint trial preparation and strategy when faced with a motion like this one. The court is asked to accept that they missed three potentially helpful witnesses which, given the court's familiarity with the work of defense counsel on these two cases, simply seems implausible. Both defendants were similarly motivated to leave no good lead unexplored. As the court recalls, both men remained out on bond through trial and might themselves have assisted counsel. So, simply alleging years later—without true backup evidence submitted under oath—that defense counsel utterly failed to follow up with these alleged eye witnesses is not readily to be accepted. The "clear and convincing" standard demands more.

(Footnote omitted.)

Upon review, we agree with the trial court that appellants have not shown, by clear and convincing evidence, that they were unavoidably prevented from

discovering, within the 120–day time limit, the evidence they are relying upon to support their motions. With respect to the three new witnesses, the state argued before the trial court that these witnesses were on the state's witness list and known to the defense at the time of trial and that most of the witnesses were interviewed by police.

In *State v. Wilson,* 10th Dist. No. 93AP–732 (Nov. 2, 1993), this court affirmed the trial court's dismissal of a defendant's motion for new trial in a case in which the defendant and several potential witnesses knew each other prior to trial. As to one of the witnesses, this court noted that the record contained no evidence of how this individual's potential as a witness, "however minimal, was ultimately discovered." As to a second witness, this court noted that the statement of this witness was "truly newly discovered evidence," and could not have been discovered within 120 days of the trial, but the record failed to indicate "whether or not anyone attempted to interview" him prior to trial. In holding that the defense failed to present clear and convincing proof that defendant was unavoidably prevented from discovering the evidence at issue, this court observed that "[i]f counsel, for whatever reason, cannot effectively communicate with the potential witnesses or cannot devote sufficient time to investigate personally, then the services of a private investigator can be retained." Other Ohio courts have similarly held that a defendant was not "unavoidably prevented from discovering the evidence" where the witnesses were known to the defense prior to trial. *See, e.g., State v. Saban*, 8th Dist. No. 73647 (Mar. 18, 1999); *State v.* Nicholson, 8th Dist. No. 70916 (May 1, 1997).

Federal case law establishes that "if a defendant is aware of the evidence at the time of trial, then it is not newly discovered evidence under Rule 33." *United States v. Sims*, 72 Fed. Appx. 249, 252 (6th Cir. 2003). Further, "where a witness who has indicated to the defendant * * * an unwillingness to testify truthfully at trial * * * but later supplies an affidavit exonerating the defendant of the offense, the affidavit is merely newly

available evidence, but it is not newly discovered evidence." (Emphasis sic.) *Id.* Thus, "a post-trial affidavit exonerating the defendant that was provided by a witness who could have been called at trial, but was not, can never be considered newly discovered evidence under Rule 33." *Id.,* citing *United States v. Turns,* 198 F.3d 584 (6th Cir. 2000).

In the present case, the affidavits of all three witnesses indicate they knew both Ambartsoumov and Veliev at the time of the incident. According to the affidavit of Irina Stevens, she was seated at the same table with appellants on the night of the events at issue. The trial court noted no apparent dispute that these individuals were "known to the defense and even listed among a number of potential witnesses on the state's witness disclosure." The affidavit of one of the witnesses, Artur Melkumov, indicates he spoke with police during the investigation on the night of the incident. Further, it is clear from the trial testimony that Irina Stevens was known at the time of trial. Specifically, one of the trial witnesses, Dimitri Zubrick, testified that his girlfriend, Irina Stevens, went to the restaurant with him. According to Zubrick's testimony, his girlfriend Stevens "was never outside." (Tr. 153.) Zubrick also noted at trial that he spoke with a defense investigator prior to trial.

Ohio courts have held that affidavits filed outside of the 120–day time limit of Crim.R. 33 that fail to offer a sufficient explanation as to why evidence could not have been obtained sooner are inadequate to show that the movant was unavoidably prevented from obtaining the evidence within the prescribed time. *Shakoor* at ¶ 21. *See also State v. Golden,* 10th Dist. No. 09AP–1004, 2010–Ohio–4438, ¶ 19 (where appellant failed to explain the investigative actions taken or why he was unavoidably prevented from discovering potential witnesses, trial court did not abuse its discretion in determining appellant failed to demonstrate by clear and convincing proof that he was unavoidably prevented from discovering the witness or her statement within the time limitation of Crim. R. 33(B)); *State v. Dawson,* 9th Dist. No. 19179 (July 14, 1999) (noting, in case

affirming trial court's denial of leave to file motion for new trial, that affidavits submitted failed to give specific timeline of defendant's attempts to gain exculpatory testimony or provide any reason why defendant could not have discovered the evidence before the 120–day period had elapsed); *State v. Wilson*, 7th Dist. No. 11 MA 92, 2012–Ohio–1505, ¶ 57 ("the affidavits and the motion for leave do not contain enough information to conclude that Wilson was unavoidably prevented from discovering the evidence within the prescribed period").

In *State v. Townsend*, 10th Dist. No. 08AP–371, 2008–Ohio–6518, the appellant, who was convicted of attempted murder in 2002, filed a motion for leave to file a delayed motion for new trial, stating that in 2007 he discovered for the first time that two individuals had witnessed the shooting; appellant's motion included the affidavits of these two individuals. The trial court denied the motion for leave, finding that the appellant failed to demonstrate why he could not have learned of these witnesses' knowledge of the crimes with reasonable diligence.

On appeal, this court affirmed, finding that appellant failed to "describe the investigative actions undertaken and why he was unavoidably prevented from discovering the testimony of these two alleged witnesses." *Id.* at ¶ 13. Specifically, there was no explanation as to why one of the witnesses was prompted to contact appellant; as to the other witness, who was known to appellant at the time of trial, appellant did not "indicate that either he or his trial counsel ever interviewed [the witness] or took steps to ascertain his knowledge of the events in question*." Id.* This court observed that appellant was "represented by counsel" but failed to indicate "why neither he nor his trial counsel were prevented from investigating the matter and discovering these two men witnessed the incident." *Id.* at ¶ 10.

In the present case, as noted by the trial court, "[t]he exact date on which these witnesses first came forward, and to whom, is not shown anywhere in the record."

Rather, both appellants state in their affidavits that they first heard of this information "when my present attorney told me about it in 2011." None of the witnesses indicated whether they were interviewed by defense counsel or investigators prior to the 2009 trial. However, as observed by the trial court, the affidavits of appellants' trial counsel do not state that counsel was unaware of the witnesses or that they had not investigated or interviewed these witnesses. Rather, the affidavits of trial counsel merely indicate that the witnesses had made statements not previously given to counsel.

Further, while the witnesses averred in their affidavits that they feared retaliation, there is no explanation, as noted by the trial court, as to "when and why they lost their professed fear of reprisal"; nor do the materials submitted indicate whether these witnesses were interviewed and/or asked to testify or whether they would have refused to tell the truth had they been subpoenaed to testify. We also note that the affidavit of Stevens, indicating she was outside the restaurant during the incident, contradicts the trial testimony of Zubrick, who testified that Stevens was inside the restaurant during the events. Under Ohio law, "[e]vidence that merely contradicts the evidence presented at trial is not enough to constitute a new trial on the basis of 'newly discovered' evidence." *State v. Muntaser,* 8th Dist. No. 84951, 2005–Ohio–1309, ¶ 10, citing *Petro* at syllabus.

Appellants in this case bore the burden of establishing, by clear and convincing evidence, that they were unavoidably prevented from discovering these witnesses earlier. *Nicholson.* We agree with the trial court that appellants have not shown, through the affidavits submitted, that the new witnesses were unknown or "placed beyond the range of a reasonable investigation by the defense, much less beyond the Subpoena power." Upon review, appellants failed to prove by clear and convincing evidence that they were unavoidably prevented from discovering, within the prescribed time period, the evidence they are relying on

to support their motions. Accordingly, the trial court did not abuse its discretion in denying appellants' amended motions for leave to file a delayed motion for new trial.

We further find that the trial court did not abuse its discretion in denying the motions without a hearing because "the evidence, on its face, did not support [appellants' claims that they were] unavoidably prevented from timely discovery of the evidence." *State v. Davis,* 9th Dist. No. 12CA010256, 2013–Ohio–846, ¶ 12, citing *Cleveland at ¶ 54.*

Based upon the foregoing, appellants' first and second assignments of error are without merit and are overruled, and the judgments of the Franklin County Court of Common Pleas, denying appellants' amended motions for leave to file a delayed motion for new trial, are hereby affirmed.

*State v. Arbartsoumov,* Nos. 12AP-878, 12AP-877, 12AP-889, 2013 WL 3488186

(Ohio 10th App. Dist. July 11, 2013).

Petitioner argues that the state appellate court relied on a lack of evidence as opposed to the time requirement for the filing a motion for new trial under Rule 33, thereby failing to enforce the State's procedural rule at issue, as required under the second part of the *Maupin* test. *Objection,* Doc. No. 29, PageID# 1231-33.

The Court disagrees. The record shows that the appellate court explained its reasons for concluding that Petitioner had failed to meet the criteria for the filing of a motion for new trial beyond the 120 time period required under the rule. That determination includes a finding that the Petitioner had not established, by clear and convincing evidence, that he unavoidably was prevented from

discovering the evidence with which he supported his motion for a new trial. To make this determination, the appellate court considered the grounds for Petitioner's proposed motion. In so doing, the state appellate court explicitly enforced the State's procedural rule at issue. Petitioner's *Objection* is not well-taken.

Petitioner asserts that the criteria under Rule 33(B) required for establishing that the filing of an untimely motion for new trial is warranted does not constitute an adequate and independent ground on which to foreclose relief, thus failing the third part of the *Maupin* test.

Under the third prong of the *Maupin* analysis, "a federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment rests on a state-law ground that is both independent of the merits of the federal claim and an adequate basis for the state court's decision." *Stone v. Moore*, 644 F.3d 342, 345 (6th Cir. 2011) (internal quotations and citations omitted). "To qualify as an 'adequate' procedural ground, a state rule must be "firmly established and regularly followed." *Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011) (citations omitted). The Supreme Court has held that a "rule can be 'firmly established' and 'regularly followed,' . . . even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Id.* at 1128 (internal quotations and citations omitted).

Other federal courts have rejected Petitioner's argument that the time requirements under Rule 33 of the Ohio Rules of Criminal Procedure fail the third part of the *Maupin* test, and Petitioner has cited no basis for this Court to conclude otherwise.

> Ohio has a relevant procedural rule—a delayed motion for new trial must be supported by clear and convincing evidence that the ground for the new trial could not have been discovered in the exercise of reasonable diligence. Ohio R.Crim. P. 33(B). That rule was enforced. . . in this case by the Ohio courts. The Warden cites ample authority from this Court holding that this rule is an adequate and independent state ground of decision. (Supplemental Return, Doc. No. 43, PageID 1485, citing *Rigdon v. Ohio Adult Parole Authority,* No. 1:08cv716, 2010 WL 3910236, at *12 (S.D. Ohio July 7, 2010), adopted, 2010 WL 3910230 (S.D. Ohio Oct. 4, 2010); and *Carson v. Hudson*, No. 2:07–cv–00375, 2009 U.S. Dist. LEXIS 1714, at *63, 2009 WL 33367 (S.D. Ohio Jan. 5, 2009), adopted, 2009 U.S. Dist. LEXIS 32578, 2009 WL 1010639 (S.D. Ohio Apr. 14, 2009)). *Moore v. Brunsman*, No. 3:08cv2895, 2010 WL 425055, at *1, 14–15 (N.D. Ohio Jan. 26, 2010), from the Northern District is to the same effect.

*Minor v. Brunsman*, No. 1:08-cv-583, 2014 WL 1276582, at *14 (S.D. Ohio March 27, 2014); *see also Anderson v. Warden*, No. 2010 WL 1387504, at *8-9 (N.D. Ohio March 9, 2010) (the requirement for the granting of an untimely motion for new trial does not allow the state courts "unfettered discretion" in enforcement of the rule and constitutes an adequate and independent ground on which to foreclose federal habeas corpus review); *Moore v. Brunsman*, No. 08-cv-2895, 2010 WL 425055, at *15 (N.D. Ohio Jan. 26, 2010)(concluding that "the timeliness requirement of Rule 33 is a firmly established Ohio procedural rule

20

capable of providing the basis for a finding of procedural default in a federal

habeas matter.")

> In *Matthews v. Ishee*, the Sixth Circuit . . . assumed
> without deciding that an untimely-filed motion under
> Ohio Rule 33 would constitute a procedural default
> unless the petitioner could show cause for the
> untimeliness and prejudice from failure to reach the
> constitutional claim. Similarly, in *Gross v. Jackson*, a
> decision from the Southern District of Ohio, the federal
> habeas court concluded that an untimely filing of a Rule
> 33 motion for a new trial without evidence that the
> untimeliness was due to an unavoidable failure to
> discover the factual basis for the motion within the time
> allowed could constitute a procedural default, although
> the state court in that case did not rule on the untimely
> motion for a new trial, and so the state never formally
> asserted procedural default to the federal court.

*Id*.

Alternatively, Petitioner argues that the state court misplaced its reliance

on the procedural bar at issue by improperly denying his motion as untimely.

*Objection,* Doc. No. 29, PageID# 1233-37.  The Court rejects that argument.

Where a state court errs in its reliance on its own rule of procedural

default, the underlying claim is not precluded from review.  *Smith v. Knab*, 2013

WL 3287585, at *12 (S.D. Ohio June 28, 2013) (citing *Raglin v. Mitchell*, No. 00-

cv-767, 2012 WL 70570, at *5 (S.D. Ohio Jan. 10, 2012); *White v. Mitchell*, 431

F.3d 517, 527 (6th Cir. 2005); *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir.

2001)).  For example, in *Dempsey v. Bobby*, 412 F. Supp. 2d 720, 728 (N.D.

Ohio 2005), the United States District Court for the Northern District of Ohio

refused to enforce the procedural default as follows:

[T]he Ohio Court of Appeals' reliance on the *res judicata* doctrine to bar Jack Dempsey's ineffective assistance of counsel claim was misplaced. Despite recognizing that *res judicata* does not apply to an ineffective assistance claim which could not be fairly ruled on without evidence *de hors* the record, the court of appeals deviated from that rule. After documenting the numerous affidavits and deposition testimony from witnesses who did not appear at the trial which were filed by Mr. Dempsey in support of his ineffective assistance claim, the court of appeals nevertheless concluded, without citing a single case, that this evidence was not outside the record because "[a]ll of the ... witnesses were known to defendant at the time of trial." (Docket # 13, Ex. K1, at 9). Such a conclusion misses the mark because "potential evidence from witnesses who never appeared at trial, as well as testimony of trial counsel respecting trial tactics, is by definition *de hors* the record." *Greer,* 264 F.3d at 675. . . .

As the evidence relied on by Mr. Dempsey in his post-conviction petition represents a classic example of evidence *de hors* the record . . . Jack *Dempsey did not fail to comply with Ohio's doctrine of res* judicata by not asserting his ineffective assistance of counsel claim on direct appeal.

*Id*. (footnote omitted).

In *Raglin v. Mitchell*, 2013 WL 5468227, at *4-5 (S.D. Ohio Sept. 29, 2013), on the other hand, the United States District Court for the Southern District of Ohio rejected the petitioner's argument that the state courts had misplaced their reliance on Ohio's doctrine of *res judicata,* where the state courts refused to consider the merits of a claim in post conviction proceedings as it could have been fairly determined without evidence *dehors* the record, and therefore should have been raised on direct appeal.

This Court is not persuaded that the Ohio Tenth District Court of Appeals misplaced its reliance on the time requirement for filing a motion for new trial or the standard that is required under the rule for the filing of a delayed motion for new trial to bar review of Petitioner's claim.   The state appellate court interpreted Rule 33 in accordance with Ohio law.  This Court is bound by that ruling.  *See Miskel v. Karnes,* 397 F.3d 446, 453 (6th Cir. 2005) (this court must "defer to a state court's interpretation of its own rules of evidence and procedure") (citations omitted); *Bennett v. Warden*, *Lebanon Correctional Inst.*, 782 F.Supp.2d 466, 478 (S.D. Ohio March 15, 2011) ("[T]he state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state law questions.")).

Absent "extreme circumstances" where it appears that the state court's interpretation is "an obvious subterfuge to evade consideration of a federal issue" this Court is bound by the state courts' definition of its own rules.  *Bennett*, 782 F.Supp.2d at 479 (citing *Warner v. Zent*, 997 F.2d 116, 133 (6th Cir. 1993)). Petitioner has not shown that the appellate court's application of Rule 33 is outside of the norm or contrary to holdings of the Ohio Supreme Court.  *See Raglin*, 2012 WL 70570, at *6.  Petitioner's *Objection* is therefore not well-taken.

As cause for the procedural default of his claim that he was denied effective assistance of counsel because his attorney failed to call as defense

witnesses Irina Stevens and Irina and Artur Melkumov, Petitioner asserts that his attorney performed in a constitutionally ineffective manner by failing to discover or present these witnesses at trial.  The state had provided the names of these witnesses, and most had been interviewed by the police. *Objection*, Doc. No. 29, PageID# 1237-38.

> "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule."

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).  The constitutionally ineffective assistance of counsel may constitute cause for a procedural default, so long as the claim has been presented to the state courts, and is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)(citing *Murray*, 477 U.S. at 488-89).

Referring to the *Appellee's Brief*, Doc. No. 19-1, PageID# 1074, Petitioner contends that he fairly presented this claim to the Ohio courts.  *Objection*, Doc. No. 29, PageID# 1237.  The Court disagrees.  Petitioner does not fairly present his claim to the state courts via the State's response to his appellate brief.  In his *Amended Motion for Leave to file Delayed Motion for New Trial,* Petitioner did argue, in the alternative to his argument that he could not earlier have discovered the testimony of Stevens and Irina and Artur Melkumov, that his attorney performed in a constitutionally ineffective manner in failing to do so.  Doc. No. 19-

1, PageID# 954.  As discussed, however, the claim is waived because the state appellate court denied Petitioner's motion for leave to file a motion for a new trial as untimely. Moreover, Petitioner failed again to raise this same claim either on appeal to the Tenth District Court of Appeals or the Ohio Supreme Court. *See* Doc. Nos. 19-1, *Brief in Support of Appeal,* PageID# 998-1032; *Mermorandum in Support of Jurisdiction*, PageID# 1096.  The state appellate court likewise therefore did not address the merits of this claim.  *See State v. Ambartsoumov*, 2013 WL 3488186.  Petitioner cannot establish cause for his procedural default with a claim that his attorney performed in a constitutionally ineffective manner in failing to discover or present Irina Stevens and Irina and Artur Melkumov as defense witnesses, because he likewise has waived this claim for review. *Edwards v. Carpenter*, 529 U.S. at 451-52.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For all the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection,* Doc. No. 29, is **OVERRULED**.  The *Report and Recommendation*, ECF No. 26, is **ADOPTED** and **AFFIRMED**.  Petitioner's *Motion to Amend*, Doc. No. 19, is **DENIED**.  This action is hereby **DISMISSED**.

IT IS SO ORDERED.

**MICHAEL H. WATSON**
**United States District Judge**